**29D01-1610-CT-008616**

Hamilton Superior Court 1

Filed: 10/4/2016 9:26:42 AM
Tammy Baitz
Clerk
Hamilton County, Indiana

| STATE OF INDIANA | ) | IN THE HAMILTON COUNTY SUPERIOR COURT 1 |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. |

Rec'd in Corporate Law
NOV 17 2016
Litigation Section B-3

| VILLAS AT WINDING RIDGE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

The State of Indiana to Defendant:   State Farm Fire & Casualty Insurance Company
Attention: President or Highest Officer
One State Farm Plaza
Bloomington, Illinois 61710

You have been sued by the person(s) named "plaintiff," in the court stated above.

The nature of the suite against you is stated in the complaint which is attached to this document. It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or our attorney, within twenty (20) days, commencing the day after you receive the summons, or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date: 10/4/2016

_Tammy Baitz_
Clerk, Hamilton County Superior Court (Seal)

The following manner of service is hereby designated: **CERTIFIED MAIL**

Michael E. Simmons, #136-49
William D. Beyers, #28466-49
HUME SMITH GEDDES GREEN & SIMMONS, LLP,
54 Monument Circle, 4th Floor
Indianapolis, Indiana 46204-2996
Telephone: (317) 632-4402
Attorneys for Plaintiff

## ACKNOWLEDGEMENT OF SERVICE OF SUMMONS

    A copy of the above summons and a copy of the complaint attached thereto were received by me at _____ this _____ day of _____, 20_____.

_____
Signature of Defendant

## RETURN ON SERVICE OF SUMMONS

    I hereby certify that I have served the within summons:

1. By delivering on the _____day of_____, 20_____, a copy of this summons and a copy of the complaint to each of the within named defendant(s).
2. By leaving on the _____day of_____, 20_____, for each of the within named defendant(s) _____ _____a copy of this summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____ _____a person of suitable age and discretion residing therein.
3. _____
_____ and by mailing a copy of the summons without the complaint to _____ _____at _____ _____the last known address of the defendant(s).

All done in Hamilton County, Indiana

Fees: $13.00
Mileage: _____
Total: $_____

_____
Sheriff of Hamilton County, Indiana

## RETURN OF SERVICE NOT SERVED

    I hereby certify that I received the within summons on the _____ day of _____, 20_____, and now return the same not served. This summons is returned not serviced for the following reasons: _____

(Here Specify the particular manner in which service was thwarted in terms of fact or in terms of law)

Date at Hamilton, Indiana, this _____ day of _____, 20_____.

_____
Sheriff of Hamilton County, Indiana

By _____Deputy

29D01-1610-CT-008616
Hamilton Superior Court 1

Filed: 10/4/2016 9:26:42 AM
Tammy Baitz
Clerk
Hamilton County, Indiana

STATE OF INDIANA )  IN THE HAMILTON COUNTY SUPERIOR COURT 1
) SS:
COUNTY OF HAMILTON ) CAUSE NO.

VILLAS AT WINDING RIDGE, )
)
    Plaintiff, )
)
v. ) **JURY TRIAL REQUESTED**
)
STATE FARM FIRE & CASUALTY )
INSURANCE COMPANY, )
)
    Defendant. )
_____ )

## COMPLAINT FOR DAMAGES

Comes now Plaintiff, Villas At Winding Ridge ("Winding Ridge"), by counsel, and for its Complaint against State Farm Fire & Casualty Insurance Company, says as follows:

### COMMON ALLEGATIONS AND BREACH OF CONTRACT

1. Winding Ridge was a policyholder under policy number 94-BJ-N942-6.

2. The policy was effective from July 1, 2012 to July 1, 2013.

3. During that time period, Winding Ridge suffered a covered loss to its property.

4. Specifically, Winding Ridge suffered damage to its roof from hail and windstorm to approximately 30 condominiums within its association.

5. Of these 30 condominiums, State Farm retained an appraiser and umpire, and went through the appraisal process for 13 of the condominiums.

6. During that appraisal process, it became apparent that the appraiser was bias, and also the umpire was bias in State Farm's favor.

7. Under the policy, State Farm had an obligation to only retain a competent, disinterested appraiser.

8. Under the policy, State Farm had an obligation to only retain a competent, and impartial umpire.

9. The appraisal provision under the policy only permits determination of the value of the covered loss.

10. The appraisal provision under the policy does not permit the appraiser or the umpire to determine the scope of the covered loss.

11. After the umpire issued his determination, it was apparent that the umpire and State Farm's appraiser decided to determine the scope of the covered loss.

12. Additionally, after the umpire issued an appraisal award, it became apparent that the umpire determined the scope of the damage based upon an improper and arbitrary number of hail strikes per shingle-square.

13. The amount of money that State Farm paid for these 13 buildings was insufficient to compensate Winding Ridge for the covered loss.

14. Further, for the other condominiums that did not go through the appraisal process, State Farm breached its contract by failing to fully compensate Winding Ridge for the covered loss.

15. State Farm breached its contract by failing to fully compensate Winding Ridge for these 13 buildings, and by failing to abide by the terms of its policy concerning the appraisal process.

## BAD FAITH

16. State Farm had a fiduciary relationship with Winding Ridge because Winding Ridge was a State Farm policyholder.

17. State Farm breached its obligations of good faith and fair dealing by misrepresenting the terms and conditions of its insurance policy concerning the appraisal process, agreeing to an umpire award that determined the scope of the damage, for partially denying the claims of damage to all buildings in bad faith, and for seeking to enforce an illegal insurance policy.

18. State Farm also violated Indiana's Unfair Claim Settlement Practices Act, which although it does not create a private action of enforcement for Winding Ridge, has been held to be evidence of bad faith in Indiana.

## PROMISSORY ESTOPPEL

19. State Farm promised to indemnify Plaintiff if Plaintiff sustained property damage from hail and/or windstorm.

20. Plaintiff relied upon this promise and paid premiums to State Farm.

21. Because of Plaintiff's reliance, Plaintiff thought that it had insurance for hail and/or windstorm and did not obtain other insurance.

22. As such, Plaintiff relied upon State Farm's promise to its detriment.


WHEREFORE, Plaintiff, Villas At Winding Ridge, hereby requests reliance damages and/or damages for breach of contract, including consequential damages, pre-judgment interest, and appraisal fees. Plaintiff also requests damages for bad faith, including punitive damages, attorneys' fees, and for costs of this action.

## JURY TRIAL REQUEST

Comes now Plaintiff, Villas At Winding Ridge, by counsel, and requests a trial by jury in the above-captioned cause of action.

Respectfully submitted,

_____
Michael E. Simmons, #136-49
William D. Beyers, #28466-49
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, Indiana 46204
Telephone: (317) 632-4402
Facsimile: (317) 632-5595
msimmons@humesmith.com
bbeyers@humesmith.com

Attorneys for Plaintiff

Clerk of Hamilton County Superior Court 1
Government & Judicial Center
One Hamilton County Square
Noblesville, Indiana 46060



7015 1520 0001 3207 6932



02 1P      $ 006.67⁵
0001639464  NOV 15 2016
MAILED FROM ZIP CODE 46204

State Farm Fire & Casualty
Insurance Company
Attn.: President or Highest Officer
One State Farm Plaza
Bloomington, Illinois  61710

Rec'd in Corporate Law
NOV 17 2016
Litigation Section B-3