# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VILLAS AT WINDING RIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-03301-TWP-MJD |
| | ) | |
| STATE FARM FIRE & CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON PENDING MOTIONS DKT. NO. 80, 118, AND 135

This matter involves an insurance policy dispute between Plaintiff Villas at Winding Ridge ("Winding Ridge") and Defendant State Farm Fire & Casualty Company's ("State Farm"). This Entry addresses ancillary motions associated with pending cross-motions for summary judgment. Before the Court is Winding Ridge's Motion to Strike State Farm's Appraisal Defense ([Filing No. 80](#)), State Farm's Motion to Strike Plaintiff's Cross Motion for Partial Summary Judgment ([Filing No. 118](#)), and Winding Ridge's Motion to Supplement Plaintiff's Designation of Evidence in Support of Cross-Motion for Partial Summary Judgment and in Opposition to State Farm's Motion for Summary Judgment ([Filing No. 135](#)).

For the reasons set forth below, Plaintiff's Motion to Strike State Farm's Appraisal Defense is **denied**. State Farm's Motion to Strike Plaintiff's Cross Motion for Partial Summary Judgment is **denied**. Winding Ridge's Motion to Supplement Plaintiff's Designation of Evidence in Support of Cross-Motion for Partial Summary Judgment and in Opposition to State Farm's Motion for Summary Judgment is **denied**.

A separate order resolving the remaining motions in this case will follow.

# I. BACKGROUND

Between July 1, 2012 and July 1, 2013, State Farm was the insurer of Villas at Winding Ridge, a condominium complex comprised of 33 buildings on the northeast side of Indianapolis, Indiana. In the Spring of 2013, the Villas at Winding Ridge suffered extensive damage from a hail and wind storm that passed overhead. Winding Ridge submitted an insurance claim to State Farm to recover the costs of replacing damaged roofs. Each party selected an appraiser to provide an estimate of the loss amount. The appraisers could not agree on the amount of loss Winding Ridge incurred from the storm. At issue was whether certain roofing shingles could be replaced or whether new roofs were required. Winding Ridge's Residential Community Association Policy (the "Policy") contained a provision whereby the parties could select an umpire to resolve their differing appraisals of the damage. Because the appraisers could not agree, Winding Ridge and State Farm mutually selected an umpire. The umpire adjusted upward the award State Farm had already paid, but only slightly (relative to the amount Winding Ridge sought) and did not find that State Farm's agreement obligated it to replace any of the roofs in the complex.

Winding Ridge was unhappy with the umpire's determination and award. It filed this action alleging (1) breach of contract, (2) bad faith, and (3) promissory estoppel. Among other things, Winding Ridge asserts the umpire had a relationship with a State Farm employee which was not disclosed during the selection process, the umpire had a "cozy relationship" with State Farm's appraiser, and the umpire wrongfully attempted to distinguish between shingles that were functionally damaged and those that were cosmetically damaged. Winding Ridge further alleges the umpire's award did not consider that merely replacing certain damaged shingles was not an option because the shingles on the roofs at Winding Ridge are no longer manufactured. As a result, the use of replacement shingles would not create a uniform appearance. Thus, Winding Ridge

argued, State Farm is required to adjust the umpire's award upward and pay for full roof replacement on any roofs which the umpire ordered them to pay for individual shingle replacement. Additional facts are provided as necessary.

## II. DISCUSSION

A. **Winding Ridge's Motion to Strike Defendant State Farm Fire & Casualty Company's Appraisal Defense ([Filing No. 80](Filing No. 80))**

In its Answer to Winding Ridge's Complaint, State Farm listed six affirmative defenses:

1. Winding Ridge's claim for breach of contract fails to state a claim upon which relief may be granted because Winding Ridge filed the above captioned lawsuit beyond the time period set forth in Winding Ridge's State Farm policy.

2. Winding Ridge's claim for Bad Faith fails to state a claim upon which relief can be granted.

3. Winding Ridge's claim for promissory estoppel fails to state a claim upon which relief can be granted.

4. Winding Ridge is estopped by its own behavior from pursuing its claims against State Farm.

5. State Farm claims all contractual and statutory set-offs, credits, and reductions that are allowed by contract or by law.

6. Winding Ridge's claims against State Farm are limited by all conditions, exclusions, and limitations in the policy with State Farm.

([Filing No. 9 at 5](Filing No. 9 at 5).) In its Statement of Defenses, filed on February 26, 2018, State Farm noted that Winding Ridge voluntarily elected to submit its insurance claim to binding appraisal under the State Farm Policy. State Farm argues "Winding Ridge is barred from disputing the appraisal award for its hail-damage claim because the appraisers were competent and disinterested, the umpire was impartial, and the award was not the result of fraud, mistake, or misfeasance." ([Filing No. 63 at 2](Filing No. 63 at 2).) Winding Ridge moves to strike that defense, which it calls the "Appraisal Defense," because "State Farm never included this affirmative defense in its answer." ([Filing No. 81 at 1](Filing No. 81 at 1).) Winding Ridge

3

argues State Farm "should not be able to use its 'Statement of Defenses' as an avenue to add a new affirmative defense." *Id.* It also cites testimony from State Farm's "corporate representative," Michael McCracken, to support its argument that State Farm is only asserting affirmative defenses listed in its answer and it did not list an appraisal defense in its answer. *Id.* at 2 (citing [Filing No. 81-1 at 5](#)).

In response, State Farm explains that its "appraisal defense" is not an affirmative defense at all, but a recognition that a breach of contract claim necessarily requires examination of the contract, and this contract includes a binding appraisal provision to which both sides agreed to be bound. ([Filing No. 90 at 2](#).) State Farm argues a defense qualifies as an affirmative defense if it is specifically enumerated in Federal Rule of Civil Procedure 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof. *Id.* (citing *Perez v. PBI Bank, Inc.*, No. 1:14-CV-01429(SEB)(MJD), 2015 WL 500874 at *5 (S.D. Ind. Feb. 4, 2015)). It asserts the appraisal defense satisfies none of these conditions, and thus it is not an affirmative defense that State Farm was required to list in its answer. State Farm argues that under Indiana law, the burden to show that the appraisal award should be set aside is on the plaintiff. It points out that even if Winding Ridge was not on notice that the validity of the appraisal award would be central to this case based on the comprehensive discussion of it in the Complaint and in the Answer; the Case Management Plan, filed on January 17, 2017, made clear that State Farm "asserts that both its appraiser and the umpire complied with the terms and conditions of the insurance policy and with Indiana law such that Plaintiff's claims are groundless." ([Filing No. 10 at 2-3](#).)

In its reply, Winding Ridge disputes the assertion that it has the burden to prove the appraisal award should be set aside. It likens the appraisal defense to other defenses specifically

4

listed by Fed. R. Civ. P. 8(c) like "arbitration, award, release, payment, accord & satisfaction, and estoppel." (Filing No. 93 at 2.) It also cites cases from jurisdictions outside Indiana that have "explicitly stated that the defense of an appraisal award is an affirmative defense." *Id.* (citing *Kester v. State Farm Fire & Cas. Co.*, 726 F. Supp. 1015, 1019 (E.D. Pa. 1989); *Holt v. State Farm Lloyds*, 1999 WL 261923 (N.D. Tex. April 21, 1999)).

The parties' main dispute is which side bears the burden to prove the appraisal should be upheld or overturned. Simply stated, the parties disagree on the answer to the question: Does Winding Ridge have the burden to show the appraisal award should be set aside, or does State Farm have the burden to show the appraisal award should be honored? "Under Indiana law, an appraisal is binding unless it can be shown that the appraisal is infected with unfairness or injustice." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 875 (7th Cir. 2000) (citing *Atlas Const. Co., Inc. v. Indiana Ins. Co., Inc.*, 309 N.E.2d 810 (Ind. Ct. App. 1974)). Unfairness or injustice occurs when an appraisal award "is tainted with fraud, collusion or partiality." *Id.* at 874.

The Seventh Circuit makes clear that an appraisal award is upheld in Indiana unless the party contesting the award can show that there was fraud, mistake, misfeasance, or a similarly prejudicial defect. Thus, the burden is on the party contesting the award—in this case, Winding Ridge. Because State Farm's appraisal defense is not one of Rule 8(c)'s listed affirmative defenses and State Farm does not bear any burden to show the appraisal award should be upheld, State Farm was not required to list its appraisal argument in the affirmative defenses included in its Answer to the Complaint. The appraisal clause is a part of the contract Winding Ridge alleges State Farm breached, and the appraisal process and award are discussed extensively in the pleadings. Accordingly, Winding Ridge's Motion to Strike State Farm's Appraisal Defense is **denied**.

B. **State Farm's Motion to Strike Plaintiff's Cross Motion for Partial Summary Judgment ([Filing No. 118](#))**

The Case Management Plan as amended, directed that dispositive motions must be filed by March 16, 2018. ([Filing No. 54](#).) On that date, State Farm filed its Motion for Summary Judgment ([Filing No. 83](#)). On April 9, 2018, Winding Ridge moved for a 28-day extension of time, to May 11, 2018, to respond to State Farm's motion. ([Filing No. 98](#).) Winding Ridge did not notify the Court (or State Farm) that it intended to file a cross-motion for partial summary judgment. The Court granted Winding Ridge's motion for extension of time and extended its deadline to respond to State Farm's Motion for Summary Judgment to May 11, 2018. On May 11, 2018, Winding Ridge filed a single document containing its Response to State Farm's Motion for Summary Judgment, but it also contained a Cross-Motion for Partial Summary Judgment asking the Court to grant summary judgment in its favor on six issues: (1) the State Farm Policy provides for cosmetic damage to shingles, (2) State Farm breached the State Farm Policy by only adjusting functional shingle damage, (3) The State Farm Policy provides coverage for matching shingles, (4) State Farm's two-year defense to sue is unenforceable as a matter of law, (5) the appraisal award is not binding against Winding Ridge as a matter of law, and (6) State Farm breached its obligations by not adjusting the wind damage. ([Filing No. 107](#); [Filing No. 108 at 6](#).)

State Farm asks the Court to strike Winding Ridge's Cross-Motion for Summary Judgment and its accompanying "Statement of Undisputed Material Facts Supporting Cross-Motion for Partial Summary Judgment" because they were filed 56 days after the deadline for dispositive motions and they raise issues outside of those raised by State Farm's Motion. ([Filing No. 118](#).) Winding Ridge asks the Court to deny the motion to strike because "[t]o the extent that Winding Ridge also requested summary judgment on issues not raised by State Farm, its Motion is timely because it is not a dispositive Motion." ([Filing No. 127 at 1](#).) Additionally, "[e]ven if there were

6

some violation of the Court's Case Management Plan, State Farm has responded to the Motion and there is no prejudice to State Farm." *Id.* at 2.

State Farm argues the late filing of Winding Ridge's cross-motion for summary judgment violated the Case Management Plan because the cross-motion is dispositive. Winding Ridge claims the motion is not dispositive because "[i]f summary judgment is granted to Winding Ridge on any of the items stated in paragraph 6 to State Farm's Motion, said ruling will not dispose of the case but will simply streamline the issues for trial." *Id.* at 1. Winding Ridge offers no case law to support its claim that its cross-motion for partial summary judgment is not dispositive. Although Winding Ridge's cross-motion, if granted, would not dispose of the entire case, it would determine entire claims, at least as to State Farm's liability. For example, the cross-motion asks the Court to summarily find that "State Farm breached the Policy by only adjusting functional shingle damage" and that "State Farm breached its obligations by not adjusting the wind damage." ([Filing No. 108 at 6](#).)

The cross-motion asks the Court not only to acknowledge the fact that State Farm did not adjust Winding Ridge's claim to cover cosmetic shingle damage, but also to reach the legal conclusion that the failure to adjust the claim constitutes a breach of contract. A summary adjudication that State Farm breached the State Farm Policy because it failed to adjust the umpire's award to account for cosmetic shingle damage would resolve Winding Ridge's breach of contract claim, at least as to its liability if not its damages. Although a ruling on Winding Ridge's cross-motion for partial summary judgment does not dispose of the case entirely, it is a dispositive motion because it asks the Court to resolve the Complaint's overarching claims. *See Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of America*, 2015 WL 1539601 at *1 (S.D. Ind. April 7, 2015). This Court has previously viewed motions for partial summary judgment as dispositive,

depending on their content. In *Brakeplus LLC v. Kinetech, LLC*, 2015 WL 3822429 at *6 (S.D. Ind. June 19, 2015), the Court required a party that filed a motion for partial summary judgment to seek leave to file an additional motion for summary judgment because "the Case Management Order directed that the parties may file only one dispositive motion unless leave of court is granted." Accordingly, the Court determines the cross-motion is a dispositive motion and Winding Ridge should have provided notice.

When parties anticipate multiple motions for summary judgment, they are advised by this Court's Courtroom Procedures and Trial Practice guidelines to declare their anticipation of those motions and work with opposing counsel to streamline the briefing process.[1] ([Filing No. 42](#)) "If a party plans to file a motion for summary judgment, Counsel for that party shall contact Counsel for the other parties to the action to determine if any other party also plans to file a motion for summary judgment."

Winding Ridge ignored the Court's requirements to provide notice of its intent. State Farm asserts that it was caught off guard when Winding Ridge filed a cross-motion for summary judgment. If Winding Ridge had alerted State Farm or the Court that it intended to file such a motion as required, the Case Management Plan could have been adjusted to allow for multiple summary judgment motions. In addition, Winding Ridge would have been advised that its cross-motion for partial summary judgment is considered a dispositive motion and it would have known of its responsibility to provide notice of its intent to file a cross motion.

In support of its Motion to Strike, State Farm quotes the 2005 district court decision in *Patton v. MFS/Sun Life Financial Distributors, Inc.*, No.1:04- CV-01335 (LJM)(WTL), 2005 WL 6115328, at *1 (S.D. Ind. Nov. 8, 2005) (striking cross-motion filed 42 days after the deadline

---

[1] Local Rule 56-1 also instructs that "If the parties anticipate cross-motions for summary judgment, the briefing schedule and format should be addressed in the case management plan." (Local Rule Advisory Committee Comments).

where moving party did not request an extension). Although Winding Ridge did not provide notice of his intent to file a cross-motion, it did request an extension of the deadline to file its response, therefore the motion was not untimely because rules of this Court no longer require simultaneous filing of dispositive motions. The Court notes that had Winding Ridge provided notice of its intent to file a cross motion as required, the filing on May 11, 2018 would have been timely, since the Court granted an extension of time for the filing of his response. The Courtroom Procedures and Trial Practice guidelines provide:

> In the event that more than one party plans to file a motion for summary judgment, Judge Pratt prefers to avoid simultaneous briefs on "mirror image" motions. Rather than the normal brief, response and reply for each motion, she prefers four briefs as follows on cross motions for summary judgment:
>
> 1. Motion and Brief in Support by Party A, using the Motion for Summary Judgment event;
>
> 2. Cross-Motion, Brief in Support and Response in Opposition by Party B, using the Motion for Summary Judgment event, NOT the Response in Opposition event;
>
> 3. Reply in Support of Motion and Response in Opposition to Cross-Motion by Party A; using the Response in Opposition event (filer must link to the cross-motion);
>
> 4. Reply in Support of Cross-Motion by Party B, using the Reply in Support of Motion event (filer must link to the cross-motion).

([Filing No. 42 at 4](#).) This guideline informs counsel that a Cross-Motion is timely when filed in conjunction with the Response in Opposition. Winding Ridges' Cross-Motion was filed in violation of what is required in the Case Management Plan. However, State Farm wisely responded to the cross-motion and will not be prejudiced. The Court agrees also with Winding Ridge that a ruling on its cross-motion might streamline the issues of this case.

Although Judge McKinney did strike the untimely filed cross-motion in his case, he noted that he would consider all arguments raised by *Patton* in his opposition brief, including the

9

arguments raised in his cross-motion. *Id*. This Court will do the same. Accordingly, State Farm's Motion to Strike is **denied**. Winding Ridge's Cross-Motion for Partial Summary Judgment ([Filing No. 107](#)) and the section of its response brief titled "Statement of Undisputed Material Facts Supporting Cross-Motion for Partial Summary Judgment" ([Filing No. 108 at 1-3](#)) will be considered by the Court.

C. **Winding Ridge's Motion to Supplement Plaintiff's Designation of Evidence in Support of Cross-Motion for Partial Summary Judgment and in Opposition to State Farm's Motion for Summary Judgment ([Filing No. 135](#))**

Winding Ridge seeks to supplement the evidence it designated in support of its Response to State Farm's Motion for Summary Judgment by designating the affidavit of John Russell, a public adjuster hired by Craig and Lynn Hodgkin ("the Hodgkins"), a couple suing State Farm in an unrelated claim involving hail damage. ([Filing No. 135](#).) Attached to the affidavit are four exhibits. The first is a February 9, 2018 letter from Claims Section Manager Tim Northquist to the Indiana Department of Insurance discussing the Hodgkins' claim. ([Filing No. 135-1 at 4-15](#).) The second is a May 30, 2018 letter from State Farm Claim Specialist Mitchell Urankar to the Hodgkins explaining that State Farm's determination that their roof sustained no hail damage was a "coverage dispute" and thus was not subject to their policy's appraisal provision. *Id.* at 16-19. The third attachment is State Farm's Brief in Support of Summary Judgment in this case, with marks highlighting its argument that the appraisal award in this case involving hail damage must be upheld. *Id.* at 20-50. Last is the transcript of a telephone conversation between John Russell and Mitchell Urankar in which Urankar explained to Russell that he had received the highlighted copy of the brief from *Winding Ridge* and it did not change State Farm's position on the Hodgkins' claim. *Id.* at 51-55. Winding Ridge's motion states that the evidence was submitted as a supplement rather than with the initial response to State Farm's Motion for Summary Judgment

10

"because this evidence was unavailable at the time of the initial summary judgment designation and it provides evidence opposing summary judgment." (Filing No. 135 at 3.)

Winding Ridge provides no valid legal justification for seeking to supplement its initial summary judgment response. The courts' local rules require a non-movant to respond to a summary judgment motion within 28 days after the movant serves the motion. Local Rule 56-1(b). The non-movant may file a surreply "only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." Local Rule 56-1(d). Winding Ridge does not argue that State Farm cited new evidence in its reply, only that the Court should recognize designated evidence that was unavailable to Winding Ridge at the time it filed its response brief.

If evidence is unavailable to the non-movant, it may show that by affidavit or declaration and the Court may defer consideration of a summary judgment motion or allow the non-movant time to take discovery. Fed. R. Civ. P. 56(d). Winding Ridge is surely aware of this rule, as it moved for and was granted an extension of time to file its response to State Farm's Motion for Summary Judgment in part because "[d]ocuments pertaining to the appraisal process and whether State Farm waived the two-year period are presently the subject of an ongoing discovery dispute." (Filing No. 98 at 1.) Winding Ridge's Motion for Extension of Time did not mention relevant evidence that might become available from the Hodgkins' case.[2] The Court expects compliance with Local Rules. Because the Court previously granted Winding Ridge an extension of time to gather evidence for its response brief, (Filing No. 100), and because it has already felt it necessary to prompt the parties to hasten the discovery process, (Filing No. 40), the Court declines to use its

---

[2] Winding Ridge filed its response on May 25, 2018. Exhibit A to the affidavit is dated February 9, 2018, meaning it would have been available to Winding Ridge at the time it filed its response. The other exhibits are from late May through mid-June 2018. John Russell's affidavit is undated. (Filing No. 135-1.)

11

discretion to allow Winding Ridge's late designation of evidence. Therefore, Winding Ridge's Motion to Supplement Plaintiff's Designation of Evidence in Opposition to State Farm's Motion for Summary Judgment is **denied**.

### III.     CONCLUSION

For the reasons stated above, Winding Ridge's Motion to Strike State Farm's Appraisal Defense ([Filing No. 80](#)) is **DENIED**. State Farm's Motion to Strike Plaintiff's Cross-Motion for Partial Summary Judgment ([Filing No. 118](#)) is **DENIED**. Winding Ridge's Motion to Supplement Plaintiff's Designation of Evidence in Support of Cross-Motion for Partial Summary Judgment and in Opposition to State Farm's Motion for Summary Judgment ([Filing No. 135](#)) is **DENIED**. An Entry resolving the parties cross-motions for summary judgment ([Filing No. 83](#) and [Filing No. 107](#)) will be docketed in a separate order.

**SO ORDERED.**

Date: 3/28/2019

*Tanya Walton Pratt* (signature)

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David E. Miller
SAEED & LITTLE LLP
david@sllawfirm.com

William David Beyers
BUCHANAN & BRUGGENSCHMIDT PC
bbeyers@bbinlaw.com

Eric C. McNamar
LEWIS WAGNER LLP
emcnamar@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com